UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FAIR HOUSING CENTER OF )<br>CENTRAL INDIANA, INC. et. al, )<br> )<br>Plaintiffs )<br> )<br>v. )<br> )<br>RAINBOW REALTY )<br>GROUP, INC. et. al, )<br> )<br>Defendants ) | Cause No. 1:17-cv-1782 RLM-TAB |

OPINION AND ORDER

The court assumes the reader's familiarity with the facts of this case but will briefly summarize the facts relevant to the defendants' motion for partial summary judgment. Plaintiffs Fair Housing Center of Central Indiana, Inc., Mary Kamano, Norma Tejeda, Cordell Spencer, Maria Gaspar, and Franklin Paz filed suit on behalf of themselves and other similarly situated individuals against defendants Rainbow Realty Group, Inc., founder and director James R. Hotka, and Rainbow's development organization, holding corporation, and associated trusts (collectively referred to as Rainbow in this opinion). Rainbow Realty Group, Inc. leases and sells property in 13 counties in the Indianapolis area.

Through Rainbow's "rent to buy" program, a customer made monthly principal and interest payments on a home for 30 years, at which time he would become the owner. The first two years operates as a lease. Rainbow Realty Grp., Inc. v. Carter, 131 N.E.3d 168, 173 (Ind. 2019) ("For at least the first two years, the Agreement was a residential lease with a contingent commitment to sell."). If

the customer makes all the lease payments, the parties execute a 28-year land contract.

In March 2020, the court certified a class "of all people who entered a rent to buy agreement with Rainbow for a residential property since the beginning of 2009, excluding those who successfully paid off their agreement" and designated Mary Kamano, Norma Tejeda, Cordell Spencer, Maria Gaspar, and Franklin Paz as class representatives. [Doc. No. 176]. The court also certified five questions for class resolution. The defendants now move for motion for summary judgment on two of those questions:

(1) Whether the defendants are subject to and have violated Ind. Code § 32-31-8-5; and

(2) Whether the defendants deceived customers as to the likelihood that they'll become homeowners under the Indiana Home Loan Practices Act.

For the following reasons, the court grants the defendants' motion for partial summary judgment.

I. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists whenever "there is sufficient evidence

favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding whether a genuine issue of material fact exists, we accept the non-movant's evidence as true and draw all inferences in his favor. Id. at 255. The existence of an alleged factual dispute, by itself, won't defeat a summary judgment motion; "instead, the nonmovant must present definite, competent evidence in rebuttal," Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007); *see also* Fed. R. Civ. P. 56(e)(2).

## II. Indiana Home Loan Practices Act Claim

Rainbow claims entitlement to summary judgment on the question of whether it deceived customers as to their likelihood of becoming homeowners under the Home Loan Practices Act for three reasons: (1) the plaintiffs didn't provide adequate statutory notice of their Home Loan Practices Act claim; (2) the "success rate" of the rent to buy program isn't a term or condition of the rent to buy contract; and (3) the plaintiffs' claim seeks impermissible relief from the court in the form of imposition of a new legal duty.

Indiana's Home Loan Practices Act prohibits "engag[ing] in a deceptive act in connection with a mortgage transaction or a real estate transaction." Ind. Code § 24-9-3-7(c)(3). The Home Loan Practices Act defines a "deceptive act" as an act or practice as part of a mortgage or real estate transaction "in which a person at

the time of the transaction: (A) makes a material misrepresentation; or (B) knowingly or intentionally conceals material information regarding the terms or conditions of the transaction." Ind. Code. § 24-9-2-7(a)(1). The court addresses Rainbow's argument that its success rate isn't a term of its agreement first.

Rainbow argues that the plaintiffs' Home Loan Practices Act claim fails as a matter of law because a customer's likelihood of successfully completing the rent to buy program isn't a term or condition of the program's contract, and the Home Loan Practices Act governs deception regarding a transaction's terms or conditions. The plaintiffs counter that a reasonable jury could conclude the rent to buy program is deceptive because "evidence shows Rainbow leads customers to believe that they are paying for a legitimate opportunity to achieve a specific benefit—in this case, home ownership—despite knowing that the vast majority of RTB contracts fail." They argue that Rainbow violates the Home Loan Practices Act by making affirmative misrepresentations "that are misleading about the opportunity for homeownership," and by concealing material information "that a customer would find important to know about the extraordinary failure rate."

The plaintiffs cite cases discussing the Federal Trade Commission Act and Indiana Deceptive Consumer Sales Act to support their argument. They also cite cases about subprime mortgages to provide examples of actionable misrepresentations. These cases don't address the Home Loan Practices Act, so they are unpersuasive as to what the Home Loan Practices Act requires.

The plaintiffs argue that words and phrases Rainbow uses in its rent to buy agreement – such as "buyer" and "seller" – materially misrepresent

4

customers' chances of achieving home ownership. They quote another part of the agreement that says, "Rainbow Realty Group has provided hundreds of families and individuals a home ownership opportunity through our Rent-to-Buy purchase agreement."[1] They contend that these statements are deceptive because most rent to buy program customers don't achieve home ownership. But nothing in the record suggests that Rainbow's ability or intention to fulfill its promise under the contract – to sell the customer a home in exchange for the agreed upon payments – was ever in question. The parties don't agree on how to define the program's success rate, but the failure of a number of rent to buy customers doesn't make the terms of the agreement deceptive. The Home Loan Practices Act doesn't make it deceptive to enter a contract with someone without telling her the likelihood that she will successfully execute her half of the bargain. The plaintiffs point to no evidence that Rainbow's statement that it has provided "hundreds of families and individuals a home ownership *opportunity*" is false or deceptive. (Emphasis added). There's no dispute that hundreds of people have signed up for Rainbow's program over the years.

The plaintiffs also argue that the program's success rate is material to the terms or conditions of Rainbow's rent to buy contract, so Rainbow is impermissibly concealing material information in violation of the Home Loan Practices Act. They contend that the program's allegedly high failure rate "goes

---

[1] The plaintiffs also cite language from Rainbow's advertisements, but the Home Loan Practices Act prohibits deceptive acts that are part of a mortgage or real estate transaction. Ind. Code. § 24-9-2-7. Rainbow's advertisements aren't part of the rent to buy program transaction.

to the heart" of the transaction. Home ownership might be central to the program's contract, but the plaintiffs don't raise any evidence that the likelihood of home ownership is a core term of the agreement, or that Rainbow misled customers as to that likelihood. The plaintiffs haven't established a genuine dispute as to whether Rainbow made a material misrepresentation.

Accepting the plaintiffs' facts as true and construing them in the light most favorable to them, no reasonable juror could conclude that Rainbow makes a material misrepresentation or conceals material information in violation of the Home Loan Practices Act by not disclosing the rent to buy program's success rate.

The parties raise several challenging issues with respect to notice under the HLPA. Summary judgment for the defendants is warranted based on their argument that their program's success rate isn't a term of the agreement, so the court needn't, and shouldn't reach those issues of Indiana law. In re Zimmer, NexGen Knee Implant Prod. Liab. Litig., 884 F.3d 746, 751 (7th Cir. 2018) ("When interpreting state law, a federal court's task is to determine how the state's highest court would rule.") (internal citations omitted). The court doesn't reach the defendants' argument that the plaintiffs are asking for impermissible relief for the same reason.

### III. Indiana Renter's Statute Claim

The court certified one question under the Indiana Renter's Statute: "Whether the defendants are subject to and have violated Ind. Code § 32-31-8-

5." Section 32-3-8-5 outlines a landlord's duties for maintaining rental premises at the commencement of a rental agreement and during occupancy. The court's order on the motion for class certification said that the plaintiffs' claim seeking declaratory relief that Section 32-31-8-5 applies to Rainbow is a common question, but their claims for individual relief under Section 32-31-8-6 are not common.

Rainbow argues that as a matter of law, it didn't violate the Indiana Renter's Statute merely by disclaiming its responsibility to deliver rental premises in appropriate condition under the statute. Rainbow admits that it disclaimed those duties, and it is subject to Section 32-31-8-6. *See* Rainbow Realty Grp., Inc. v. Carter, 131 N.E.3d 168, 175 (Ind. 2019). The plaintiffs counter that they aren't arguing that Rainbow violated the Renter's Statute merely by disavowing the requirements. They argue that there's evidence from which a reasonable juror could conclude Rainbow actually failed to deliver homes in compliance with the statute.

Excess words in the question certified by the court – "and have violated" – might be creating confusion on this claim. As the court said in its class certification order, the plaintiffs' claim for individual relief under the Indiana Renter's Statute aren't common questions suitable for class resolution. Accordingly, the plaintiffs' argument that evidence from class members' individual homes creates a genuine dispute as to whether Rainbow violated the habitability requirements is unavailing. Rainbow is correct that disclaiming

responsibilities under the Indiana Renter's Statute isn't enough to violate the law.

### IV. Conclusion

For the foregoing reasons, the court GRANTS the defendants' motion for partial summary judgment [Doc. No. 192]. The court requests that the Magistrate Judge confer with the parties as soon as practicable regarding the possibility of resolving the remaining claims and issues short of trial.

SO ORDERED.

ENTERED:  March 10, 2021

                                                     /s/ Robert L. Miller, Jr.
                                                    Judge, United States District Court

Distribution:  All electronically registered counsel of record