UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC., MORY KAMANO, NORMA TEJEDA, CORDELL SPENCER, MARIA GASPAR, and FRANKLIN PAZ, <br><br> *Plaintiffs*, <br><br> vs. <br><br> RAINBOW REALTY GROUP, INC., EMPIRE HOLDING CORP., JAMES R. HOTKA, SUNSHINE TRUST, REDSKINS TRUST, SPORTING TRUST, ALLEY CAT TRUST, SHORE WATERS DEVELOPMENT, LLC, and SUNFLOWER TRUST, <br><br> *Defendants*. | No. 1:17-cv-01782-JMS-TAB |

**ORDER**

On May 11, 2023, the Court held a Final Fairness Hearing in this matter. Plaintiffs were present by counsel Reed Colfax, Zoila Hinson, Gabriel Diaz, and Matthew Keyes and Plaintiffs Maria Gaspar, Mory Kamano, Norma Tejeda, and Franklin Paz were present in person. Amy Nelson was present on behalf of Plaintiff Fair Housing Center of Central Indiana, Inc. ("Fair Housing"). Defendants were present by counsel Briana Clark. The Court Reporter was Jean Knepley.

The Court heard argument from counsel regarding the parties' Joint Motion for Final Approval of Settlement Agreement. [Filing No. 390.] For the reasons stated on the record and discussed below, the Court **GRANTS** the Joint Motion for Final Approval of Settlement Agreement.

# I.
## BACKGROUND

Plaintiffs Mory Kamano, Norma Tejeda, Cordell Spencer, Maria Gaspar, and Franklin Paz (collectively, "the Named Plaintiffs") all entered into agreements with Defendant Rainbow Realty Group, Inc. ("Rainbow") and various other entities to rent to buy properties in Indianapolis, Indiana ("the RTB Agreements"). Fair Housing and the Named Plaintiffs initiated this litigation on behalf of themselves and a class consisting of all individuals who entered into RTB Agreements with Rainbow for a residential property since the beginning of 2009, excluding those who successfully paid off their agreement,[1] asserting claims under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. ("ECOA"), the Fair Housing Act, 42 U.S.C. § 3601 et seq. ("FHA"), the Truth In Lending Act, 15 U.S.C. § 1639 et seq. ("TILA"), and various Indiana statutes.

After the Court ruled on various motions, the only claims remaining for trial were: (1) a class claim for disparate treatment under the FHA (for injunctive and declaratory relief only); and (2) the Named Plaintiffs' individual claims for disparate treatment under the FHA (for compensatory, declaratory, and injunctive relief) and for violation of various Indiana statutes.[2] [See Filing No. 360 at 33-34.]

On November 1, 2022, the parties advised the Court that they had reached a settlement on all remaining claims. [Filing No. 377.] On January 19, 2023, the Court granted approval of a

---

[1] Judge Robert Miller certified this class, as to certain claims, on March 27, 2020. [Filing No. 176.]

[2] In ruling on various motions that Plaintiffs filed after the Court issued its Order on the parties' Cross-Motions for Summary Judgment, the Court took under advisement the issue of whether some of Plaintiffs' claims under the ECOA remained for trial, pending a hearing on that issue. [See Filing No. 360.] Before the hearing was to take place, the parties filed a Joint Stipulation of Dismissal of Plaintiffs' Claims Under the Equal Credit Opportunity Act. [Filing No. 369.] The Court acknowledged the Joint Stipulation and dismissed the ECOA claims with prejudice. [Filing No. 397.]

settlement class defined as individuals who entered into an RTB Agreement on or after January 1, 2009, excluding individuals who successfully paid off their agreements, and granted preliminary approval of the settlement agreement. [Filing No. 387.] On April 28, 2023, after notifying class members of the Settlement Agreement and receiving Claim Forms, the parties filed a Joint Motion for Final Approval of Settlement Agreement. [Filing No. 390.]

## II.
### OBJECTIONS

The Claims Administrator did not receive any timely objections to the Settlement Agreement. However, the Court briefly discusses two individuals – one who voiced issues with the Settlement Agreement outside of the manner contemplated by the Notice that was sent to class members, and one who indicated his intent to attend the Final Fairness Hearing but did not do so.

### A.   Rochelle Brackett

On April 28, 2023 – two days after the deadline for submitting objections – Ms. Brackett sent an email to the Court, which the Court forwarded to counsel. The Court finds that Ms. Brackett's email, to the extent it is an Objection to the Settlement Agreement, is not timely and displays several misunderstandings with the terms of the Settlement Agreement. Those misunderstandings include: (1) her belief that class members will receive $30 to $100 each – they will actually receive an average of no less than $275 and, in some cases, substantially more; and (2) her belief that Amy Nelson, the Executive Director of Fair Housing, will receive $50,000 – Ms. Nelson will not personally receive any amount in the settlement though Fair Housing as an individual Plaintiff will. To the extent Ms. Brackett's email is an Objection and even if it had been timely, the Court **OVERRULES** her Objection.

### B.     Maurice Douglas

On May 6, 2023, Mr. Douglas sent a letter to the Claims Administrator stating that he intended to appear at the Final Fairness Hearing, but did not state whether he planned to object to the Settlement Agreement or, if so, what the basis of his Objection was. Although the location of the Final Fairness Hearing was changed to a different courtroom on the same floor of the courthouse, the Court had staff posted outside the original courtroom as well as signs on the doors of the original courtroom directing any attendees to go to the new courtroom location. Mr. Douglas did not appear at the Final Fairness Hearing.

In sum, the Court concludes that there were no timely objections to the Settlement Agreement and that to the extent Ms. Brackett's email was an Objection and was timely, it is **OVERRULED**.

## III.
### SETTLEMENT AGREEMENT, ATTORNEYS' FEES AND COSTS, AND SERVICE AWARDS

Settlement of class claims brought under Fed. R. Civ. P. 23 may be approved if the Court finds the settlement to be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Seventh Circuit Court of Appeals has characterized the Court's role as that of a fiduciary to the class members in considering whether a settlement is fair and reasonable. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 862 (7th Cir. 2014).

After reviewing the Settlement Agreement and information presented regarding the administration of the settlement, and considering the information presented by counsel at the hearing, the Court finds that the settlement in this matter was reached in good faith and at arm's length, and is a reasonable compromise of the vigorously disputed issues in this case. Specifically, the Court notes the following:

- Plaintiff's counsel has adequately represented the class, and was diligent and used all reasonable efforts in attempting to locate class members. 3,671 Notices were sent out, 648 were returned as undeliverable, 87 more were sent out after additional efforts to locate class members were undertaken, and only 13 of those Notices were returned as undeliverable. Approximately 78% of those who signed RTB Agreements received Notices. So far, 697 Claim Forms (approximately 25% of those who entered into RTB Agreements) have been submitted, resulting in an average award of approximately $838 per class member. While this number could change if additional class members submit Claim Forms, class members should receive an average of at least $275;

- The settlement is the result of extensive arms' length negotiations between the parties at numerous settlement conferences;

- The settlement amount adequately reflects both the strengths and weaknesses of the parties' positions. The Court also notes that absent a class settlement, individual class members would have had to bring individual actions to obtain any monetary awards. Further, collection of monetary awards would have been very complex, given the corporate structures of Defendants;

- The relief provided in the Settlement Agreement is adequate. It takes into account the fact that the remaining class claim was for injunctive and declaratory relief only, and also accounts for the length and nature of each class member's RTB Agreement. The Settlement Agreement also includes important injunctive relief, including Defendants' agreement to comply with various laws, to provide training, and to adopt a Fair Housing Policy. The Court also notes that Defendants have ended the RTB Program. Further, Plaintiffs' counsel has waived the recovery of attorneys' fees;

- The Settlement Agreement treats class members equitably relative to each other in that it is based on the length of time class members resided in a property leased or sold by Defendants and the nature a class member's contract with a Defendant entity;

- The response rate to the notices that were sent to the class members indicates that the method of notice was effective, as discussed above; and

- No timely Objections to the Settlement Agreements were received and, thus far, no class members have opted out of the settlement. Class members have additional time to opt out of the Settlement Agreement and must do so by July 11, 2023.

The Court further finds that payment of a $5,000 service award to each of the Named Plaintiffs is reasonable. The Named Plaintiffs were involved in the litigation – meeting with

counsel and sitting for depositions. The $5,000 award is well within the reasonable range in this type of case. *See, e.g.,* Cook v. Neidert, 142 F.3d 1004, 1016 (7th Cir. 1998) (affirming service award of $25,000 to named plaintiff). Additionally, the Named Plaintiffs' participation resulted in a favorable settlement for class members. *Id.* ("In deciding whether [a service award] is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation"). Further, the Court finds that payment of $2,500 to each individual who submitted a Declaration in support of Plaintiffs' Motion for Class Certification (along with a Claim Form) is reasonable.

In sum, the Court finds that the terms of the Settlement Agreement as applied to the class members, the service award to the Named Plaintiffs, and the award to those who submitted Declarations in support of Plaintiffs' Motion for Class Certification (along with a Claim Form) are reasonable taking into account the circumstances of the case. Accordingly, the Court **GRANTS** the parties' Joint Motion for Final Approval of Settlement Agreement. [Filing No. 390.]

## IV.
### CONCLUSION

Based on the foregoing, the Court **GRANTS** the parties' Joint Motion for Final Approval of Settlement Agreement. [390.] Claims will be dismissed and final judgment entered accordingly after the parties file the appropriate stipulations.

Date: 5/11/2023

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**